Frost, J.
delivered the opinion of the Court.
It is not affirmed in the affidavit of Gasque, that the amount claimed by Gadsden, and which he is proceeding to collect under the judgment and execution, is not in fact due to Gadsden ; and the account current between the parties, showing a balance for more than the amount of the judgment, was produced at the argument of the case at Chambers, and admitted in evidence, without objection. The ground assumed in the affidavit and argument, for staying the execution, is, that the bond and judgment confessed therein, import an obligation to repay Gadsden’s acceptances to the amount of five thousand dollars, and no more; and that by cash payments and credits for negroes sent to Gadsden for sale, he has been repaid the first acceptance for five thousand dollars, by which payment the judgment is satisfied. This statement presents a question of law on the construction of the condition of the bond, whether the penalty is a security only for acceptances to the amount of five thousand dollars, or a continuing security for future acceptances. On this point it is only necessary to support the construction of the Circuit Judge, by citing the authorities referred to in his opinion.
In Williams v. Rawlinson, 3 Bingh. 71, the condition of the bond was, that the principal obligor should, “from time to time,” and at all times thereafter, reimburse to the obligees all sums of money which the obligees should, within ten years, advance or pay on account of accepting and paying any drafts which the principal obligor should, “from time to time draw” on the obligees — it was moved, in arrest of judg- *332 meat against one of the securities, that, by the terms of the bond, the plaintiffs were not to allow the principal obligor to be more than £5,000 in their debt at one time; whereas, it was averred that he owed them a sum exceeding £35,000 at the time of the action; but the Court said there was nothing in the objection, the meaning of the bond being clearly that whatever the plaintiffs advanced, the defendant would contribute £5,000 towards indemnifying them. The condition of the bond in Butson v. Spearman, 9 Ad. and Ellis, 298, was, that the obligors should pay to the obligees all such sums of money, not exceeding £200, which the obligees should advance or pay on account of their acceptances of bills which the principal obligor should, “from time to time,” draw upon them. The judgment of the Court, expressed by Lord Den-man, C. J., was, “ we are satisfied this is a continuing guaranty. There is no doubt.” Sansom v. Bell, 2 Campb. 37, and Merle v. Wells, 2 Campb. 413, will be found to confirm these decisions. In Livingston v. McInlay, 16 Johns. R., it was held that a judgment, by agreement of the parties, may be entered -up as a security for a debt then due, and also for future advances to the defendant; and the plaintiff may collect, by execution, not only the sum due at the time judgment was rendered, but the amount subsequently advanced to the defendant; and it is said, in the judgment of the Court, that there is no solid objection to this, any more than to a mortgage being held as a security for future advances.
The motion is dismissed.
Richardson, J. O’Neall, J. Evans, J. and Wardlaw, J. concurred.

Motion refused.